IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD RABB,

        Plaintiff,                          CV F 03 5659 AWI WMW P

   vs.                                  ORDER DISMISSING COMPLAINT
                                          WITH LEAVE TO AMEND

LT. HONEST, et al.,

        Defendants.

       Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the original complaint.  Plaintiff, an inmate formerly in the custody of the California Department of Corrections at Wasco State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Wasco.

       Plaintiff alleges that he was subjected to excessive force while housed at Wasco. Specifically, Plaintiff alleges that while being prepared for transfer to another facility, defendants used a water hose and a spit mask on him.

       The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  The proscription applies

to the states through the Due Process Clause of the Fourteenth Amendment. Robinson v. California, 370 U.S. 660 (1962). Prison brutality is part of the total punishment to which the individual is being subjected for his crime and, as such, is a proper subject for Eighth Amendment scrutiny. Ingraham v. Wright, 430 U.S. 651, 669, (1977). The Eighth Amendment is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions and serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified. Whitley v. Albers, 475 U.S. 312, 327,(1986); see also Graham v. Connor, 490 U.S.386, 392 n.10 (1989).

To constitute the "unnecessary and wanton infliction of pain" in the prison context, the United States Supreme Court requires that both the objective and subjective component of the Eighth Amendment be satisfied. Wilson v. Seiter, 501 U.S. 294 (1991). First, the deprivation complained of must be sufficiently serious by objective standards. Id. 501 U.S. at 297. A deprivation is sufficiently serious if it denies "'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (violation requires showing of unnecessary and wanton infliction of pain resulting in a physical injury which is of such base, inhumane and barbaric proportions as to shock the sensibilities)). See Hudson v. McMillian, 503 U.S.1,(1992) (objective prong not met where injury is de minimus); but see, Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (Hudson substantial injury requirement met by psychological harm alone, such that body searches of female inmates by male guards constitutes cruel and unusual punishment).

Second, the prison officials responsible for the deprivation must act with a sufficiently culpable state of mind by subjective standards. Id. To be sufficiently culpable, "the offending conduct must be wanton." Wilson, 501 U.S. at 299. In situations where officials are not acting under pressure, "deliberate indifference" constitutes wantonness. Id. at 299-300. Where a prison security measure is undertaken to resolve a disturbance, the question of whether the

measure taken inflicted unnecessary and wanton pain and suffering in violation of the Eighth Amendment turns on whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

The law makes clear that a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives does not amount to a triable issue of fact. Whitley v. Albers, id., 475 U.S. 319.  Further, physical force used by prison staff against inmates does not constitute an Eighth Amendment violation when it is used in proportion to the requirements of a given situation.  Hoptowit v. Ray, 682 F. 2d 1237, 1251 (9th Cir. 1982).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory.   The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:     November 17, 2006**              **/s/  William M. Wunderlich**
mmkd34                                        UNITED STATES MAGISTRATE JUDGE