IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD RABB,

        Plaintiff,        CV F 03 5659 AWI WMW P

  vs.                      ORDER

G. HONEST, et al.,

        Defendants.

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.

       This action proceeds on the April 11, 2007, first amended complaint filed in response to an earlier order dismissing the original complaint with leave to amend.   In the earlier order, the court identified deficiencies, and granted Plaintiff leave to amend to correct the deficiencies.

       Plaintiff is advised that the first amended complaint states a claim for relief as to Defendant Honest, but fails to state a claim against the remaining Defendants.  In the earlier order dismissing the original complaint, the Court noted the following.

       Plaintiff, an inmate formerly in the custody of the California Department of Corrections at Wasco State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections and Rehabilitation at Wasco.

Plaintiff alleges that he was subjected to excessive force while housed at Wasco. Specifically, Plaintiff alleges that while being prepared for transfer to another facility, defendants used a water hose and a spit mask on him.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The proscription applies to the states through the Due Process Clause of the Fourteenth Amendment. Robinson v. California, 370 U.S. 660 (1962). Prison brutality is part of the total punishment to which the individual is being subjected for his crime and, as such, is a proper subject for Eighth Amendment scrutiny. Ingraham v. Wright, 430 U.S. 651, 669, (1977). The Eighth Amendment is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions and serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified. Whitley v. Albers, 475 U.S. 312, 327,(1986); see also Graham v. Connor, 490 U.S.386, 392 n.10 (1989).

To constitute the "unnecessary and wanton infliction of pain" in the prison context, the United States Supreme Court requires that both the objective and subjective component of the Eighth Amendment be satisfied. Wilson v. Seiter, 501 U.S. 294 (1991). First, the deprivation complained of must be sufficiently serious by objective standards. Id. 501 U.S. at 297. A deprivation is sufficiently serious if it denies "'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (violation requires showing of unnecessary and wanton infliction of pain resulting in a physical injury which is of such base, inhumane and barbaric proportions as to shock the sensibilities)). See Hudson v. McMillian, 503 U.S.1,(1992) (objective prong not met where injury is de minimus; but see, Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (Hudson substantial injury requirement met by psychological harm alone, such that body searches of female inmates by male guards constitutes cruel and unusual punishment).

1     Second, the prison officials responsible for the deprivation must act with a sufficiently
2  culpable state of mind by subjective standards. Id. To be sufficiently culpable, "the offending
3  conduct must be wanton." Wilson, 501 U.S. at 299. In situations where officials are not acting
4  under pressure, "deliberate indifference" constitutes wantonness. Id. at 299-300. Where a
5  prison security measure is undertaken to resolve a disturbance, the question of whether the
6  Amendment turns on whether force was applied in a good faith effort to maintain or restore
7  discipline, or maliciously and sadistically for the purpose of causing harm. Whitley v. Albers,
8  475 U.S. 312, 320-21 (1986).
9     The law makes clear that a mere dispute over the reasonableness of a particular use of
10 force or the existence of arguably superior alternatives does not amount to a triable issue of fact.
11 Whitley v. Albers, id., 475 U.S. 319. Further, physical force used by prison staff against inmates
12 does not constitute an Eighth Amendment violation when it is used in proportion to the
13 requirements of a given situation. Hoptowit v. Ray, 682 F. 2d 1237, 1251 (9th Cir. 1982).
14 The statute plainly requires that there be an actual connection or link between the actions
15 of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.
16 Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The
17 Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional
18 right, within the meaning of section 1983, if he does an affirmative act, participates in another's
19 affirmative acts or omits to perform an act which he is legally required to do that causes the
20 deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
21 1978).
22    In the first amended complaint, Plaintiff states a claim against Defendant Honest for
23 spraying him with cold water for a prolonged period of time, causing injury to Plaintiff.  Plaintiff
24 fails to correct the deficiencies as to the remaining Defendants.
25    The Court will grant Plaintiff leave to file a second amended complaint to correct the
26

noted deficiencies.  Should Plaintiff desire to proceed against Defendant Honest on the first amended complaint, he shall notify the Court of his intention.

Accordingly, IT IS HEREBY ORDERED that Plaintiff is granted thirty days from the date of service of this order in which to file a second amended complaint or notify the Court of his intention to proceed against Defendant Honest.

IT IS SO ORDERED.

**Dated:   January 28, 2008**              /s/  William M. Wunderlich
                                           UNITED STATES MAGISTRATE JUDGE